THE BOARD OF EDUCATION OF THE CITY OF OTTAWA
v. JENNIE COOK.

No. 95.

1. TEACHER'S CONTRACT—*Rules of Board.* Where the board of education of a city of the second class has adopted rules and regulations to govern it and the city schools, and where it has employed a teacher who has a copy of and is familiar with said rules and regulations, and where the only contract between the teacher and the board is a notice from the board to the teacher that she has been elected to teach for the ensuing year at a stated salary, *held,* that such rules and regulations are part and parcel of the contract entered into between the parties.

2. ———— *Construction of Contract.* Where the board of education of a city of the second class has employed a teacher for the ensuing school year, unless sooner removed by vote of the board, *held,* that the words "unless sooner removed by vote of the board" do not specify the causes for which said teacher may be removed, nor can they be construed to mean that the teacher may be removed without cause.

MEMORANDUM.— Error from Franklin district court; A. W. BENSON, judge. Action by Jennie Cook against The Board of Education of the city of Ottawa to recover wages. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed May 8, 1896, states the material facts.

*W. H. Clark,* and *H. P. Welsh,* for plaintiff in error.

*C. A. Smart,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This action was brought in the district court of Franklin county by Jennie Cook, as plaintiff, against the Board of Education of the city of Ottawa, Kan., as defendant, to recover the amount claimed to be due her as wages under a contract to teach in the public schools of Ottawa. The record discloses the fact that she was elected by the board to

teach in the schools for the school year of 1890–'91 at $45 per month, and that she accepted the employment and entered upon her duties and taught for 6½ months. The board paid her for six months' service only. She was notified of her election by a written notice of employment, of which the following is a copy:

"Board of Education, City of Ottawa. P. Fales, President; F. A. Wilkinson, Clerk. Ottawa, Kan., June 3, 1890. *Miss Jennie Cook:* At the meeting of the board of education of this city held last evening, you were reelected as one of the teachers in our schools for the ensuing school year, with salary the same as last year. An answer within seven days from this date is requested. Yours truly, F. A. WILKINSON, *Clerk.*"

One of the rules and regulations of the board of education for the year 1890–'91 is the following:

"ARTICLE VII.—TEACHERS.

"SECTION 1. (See section 204, School Laws of Kansas.) At the regular meeting in June, or as soon thereafter as practicable, the board shall elect the teachers of the public schools, to hold their positions for one year unless sooner removed by vote of the board."

On February 3, 1891, complaint was made by H. P. Welsh to the superintendent of schools, and by him given to the board of education, to the effect that Miss Cook had inflicted unwarranted and unjustifiable punishment upon his son, Roy. Two members of the committee to whom was referred the complaint reported adversely to Miss Cook, and she presented to the board a communication, of which the following is a copy:

"OTTAWA, KAN., February 5, 1891.

"*Honorable Board of Education:* Realizing that I have overstepped the bounds in the matter of punishment, and knowing that my resignation is liable to be de-

manded, I hereby ask for one month in which to show that I can teach and maintain proper discipline in my school without resorting to the means of punishment of which there has been complaint. It seems proper to me that I should be granted this privilege insomuch as I did not understand how much complaint there was until it has reached so critical a point. If anything of the kind occurs again, I will willingly resign, and also forfeit all salary which may be due at the time of my resignation. Your obedient servant, JENNIE COOK."

The board thereupon granted to Miss Cook another trial, and she was continued as teacher until March 20, 1891. On March 18, 1891, J. W. Steen and R. W. Steen complained of the cruel manner of punishment which they alleged was inflicted upon their boy. Two members of the committee to whom was referred this complaint reported adversely to Miss Cook, and the board made the following order:

"On motion, it was voted that on account of the continued violation of the rules of this board by Miss Jennie Cook, and of extreme cruel punishment inflicted by her upon pupils in her room, she be removed as one of the teachers in our school, and her position declared vacant, and the clerk is hereby instructed to see that Miss Cook is notified of her removal."

Miss Cook was not allowed to finish the school, and brought this suit to recover the balance due on the contract. The cause was tried with a jury, and a verdict and judgment rendered for the plaintiff, Jennie Cook, and the board of education brings the case here for review.

The error complained of is, that the court erred in its instructions to the jury. The instructions complained of are 7, 8, 9, and 12, which are as follows:

"7. It will be observed that the board elects its teachers for one year, unless sooner removed by vote

of the board. (Sec. 1, art. 7, of the rules.)    It is undisputed here that after so electing the plaintiff the board did remove her by vote, after complaint and hearing.    It does not follow that the action of the board is final.    If she was negligent, cruel, or incompetent, as found by the board, then her discharge was proper; if she was not, and observed the rules of the board, and faithfully and properly performed her duties, the discharge was wrongful.

"8.    The board, however, was bound to investigate the complaints against -Miss Cook.    Not only did its own rules, but a regard to the efficiency of the schools and the welfare of the children under its charge, also require such investigation and, if good cause was shown, the removal of the teacher.    But it is not to be held liable if it acted reasonably — that is, if, after a fair investigation, good cause was shown for the discharge; and this is a question now presented to the jury upon all the evidence.

"9.    The election and entry upon the service being admitted, the burden of proof to show reasonable cause for the discharge, as hereinbefore stated, rests upon the defendant, to be shown by a preponderance of the evidence, which means the greater weight of proof."

"12.    On the other hand, if you find that the discharge was wrongful and unreasonable, then the bills presented from month to month were sufficient, and the plaintiff should recover."

In the determination of the rights of the parties to this action, we must hold that the rules and regulations of the board of education are part and parcel of the contract entered into between them.    Miss Cook had a copy of and was familiar with them.    What, then, is the construction to be given to the words "unless sooner removed by vote of the board?"    Do they mean that the board may arbitrarily remove a teacher by vote without any fault upon her part, and for no other reason than because it is the pleasure of

the members of the board so to do? Or, do they mean that it may remove her for good cause? There is no statute which prescribes the causes for which the board of education of a city of the second class may remove a teacher, nor is there any rule or regulation prescribed by this board in which such causes are enumerated. The contract was for the ensuing school year, *unless sooner removed by vote of the board.* This does not specify the causes for which she may be removed. The board could not, therefore, legally remove Miss Cook by a vote except for a sufficient cause, and the question was properly submitted to the jury as to whether there was sufficient cause for removal. To decide otherwise, and to hold that the words " unless sooner removed by vote of the board " must be construed to mean that the board might remove without cause, or at its pleasure or caprice, would be doing violence to all known definitions of words or construction of sentences. The only rational interpretation of the whole contract, including the rules of the board, is that all parties recognize that there are causes for which a teacher may be removed, and the board employed Miss Cook to teach in the city schools for the ensuing year, unless removed by vote of the board for sufficient cause. The case was tried by both sides upon the theory that the board must justify the removal of Miss Cook by her actions, and the answer of the board to the petition filed herein and all its evidence were directed toward showing that she continually violated the rules of the board, and that she inflicted extremely cruel punishment upon the pupils in her room. This question was properly submitted to the jury, and they found in favor of Miss Cook. Surely it cannot be contended that the board can retain the half-month's wages due

18—KAN. APP.

Miss Cook upon the former contract. If it can retain it at all, it must do so because of the authority given it to do so in her communication of February 5, 1891. In it she says : "If anything of the kind occurs again I will willingly resign, and forfeit all salary which may be due at the time of my resignation." Did anything of the kind occur again? The board says yes. Miss Cook says no. This question was properly submitted to the jury, and they are the final arbitrators of this issue, and they say no. The amount of $22.50, and interest thereon, is therefore due Miss Cook, even if the contention of the counsel for the board that it had discretionary power to remove without cause be correct. There was no error committed by the court in the instructions given.

The judgment of the district court is affirmed.

All the Judges concurring.